# SUPREME COURT OF THE UNITED STATES

TEXAS, ET AL. *v.* COMMISSIONER OF INTERNAL
REVENUE, ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 21–379.   Decided March 28, 2022

The petition for a writ of certiorari is denied.

Statement of JUSTICE ALITO, with whom JUSTICE THOMAS and JUSTICE GORSUCH join, respecting the denial of certiorari.

This case presents a fundamental question about the limits on the Federal Government's authority to delegate its powers to private actors. See *Department of Transportation* v. *Association of American Railroads*, 575 U. S. 43 (2015); *Carter* v. *Carter Coal Co.*, 298 U. S. 238 (1936). Unfortunately, the case presents threshold questions that could complicate our review of that important question, but the statutory scheme at issue here points up the need to clarify the private non-delegation doctrine in an appropriate future case.

## I

Medicaid is a program that is jointly funded by the States and the Federal Government, and while a State is not required to participate in the program, all have chosen or at least found it necessary to do so.

As a condition of participation, States must ensure that they fund their part of the program "on an actuarially sound basis." 42 U. S. C. §1396b(m)(2)(A)(iii). Congress did not explain what it meant by "actuarially sound," but the Department of Health and Human Services (HHS) has defined that term to require certification of state payment schemes by actuaries who meet "the qualification[s]" of the Ameri-

can Academy of Actuaries and "follow the practice standards established" by the Actuarial Standards Board, which is a private entity. 42 CFR §438.6(c) (2002).

The Patient Protection and Affordable Care Act imposed a tax called the Health Insurance Provider Fee (HIPF) as a lump sum on all covered health insurance providers, starting at $8 billion total in 2014 and rising each year afterwards. 26 CFR §57.4(a)(3) (2021). The HIPF was assessed annually on each provider based on its market share, which the Internal Revenue Service calculated by reference to each provider's net premiums for the previous year. See §§ 57.1(a)–(c), 57.4(a)–(d). The HIPF applied to "any entity which provides health insurance," excluding "any government entity." §9010(c)(1), 124 Stat. 866. Thus, if a State used a private health maintenance organization (HMO) to assist it in running its Medicaid program, as nearly all States do, that HMO was generally "an entity" required to pay its share of the HIPF.

In 2015, the Actuarial Standards Board published a binding definition of "actuarial soundness" as used in the Medicaid statute. Known as ASOP 49, this standard required that States include funds for any "government-mandated assessments, fees, and taxes" in their payments to private managed-care organizations that assist States in the management of Medicaid. In simple terms, this meant that States had to reimburse their HMOs for the cost of those HMOs' share of the annual HIPF. If a State did not do so, its Medicaid payment scheme could not be certified as "actuarially sound." *Texas* v. *United States*, 300 F. Supp. 3d 810, 845 (ND Tex. 2018). The Actuarial Standards Board thus effectively mandated that States absorb the costs of the HIPF taxes Congress assessed on non-government entities.

Texas and four other States sued HHS in Federal District Court in October 2015, seeking the return of the funds they paid to cover the HIPF. The States alleged that under

HHS's rule, an actuary can deprive a State of its ability to meet the conditions of participating in Medicaid by refusing to certify the State's payment structure. As a consequence, the States argued, HHS had impermissibly delegated its authority to a private entity. While the litigation was pending, Congress repealed the HIPF in 2020, but the regulation empowering the Actuarial Standards Board to define when a State's Medicaid payments can be certified remains on the books. 42 CFR §438.7 (2021); §438.2.

In 2018, the District Court held that HHS had violated the private non-delegation doctrine, but in July 2020, the Fifth Circuit reversed, holding that the doctrine had not been violated because HHS retained control over the private entities' process. The Court of Appeals denied rehearing en banc over a dissent. *Texas* v. *Rettig*, 993 F. 3d 408 (2021) (*per curiam*).

## II

I agree with petitioners that this case presents an important separation-of-powers question. "Our Constitution, by careful design, prescribes a process for making law, and with that process there are many accountability checkpoints." *American Railroads*, 575 U. S., at 61 (ALITO, J., concurring). To ensure the Government remains accountable to the public, it "'cannot delegate regulatory authority to a private entity.'" *Ibid.*; see also *Carter Coal*, 298 U. S. 238. Here, however, that is precisely what happened. What was essentially a legislative determination—the actuarial standards that a State must meet in order to participate in Medicaid—was made not by Congress or even by the Executive Branch but by a private group. And this was no inconsequential matter. It has cost the States hundreds of millions of dollars.

The Government urges us not to grant review because Congress has repealed the HIPF and therefore the delega-

tion will not cause the States any future injury. The Government also contends that any direct challenge to the 2002 HHS regulation giving the Actuarial Standards Board its power is barred by the applicable 6-year statute of limitations. 28 U. S. C. §2401(a). The States respond that the dictates of the Actuarial Standards Board will continue to regulate the "'complex ongoing relationship'" between the States and the Federal Government in the Medicaid Act. *Maine Community Health Options* v. *United States*, 590 U. S. ___, ___–___ (2020) (slip op., at 29–30).

In light of the complications highlighted by the Government, I reluctantly concur in the denial of certiorari. However, if the determinations of the Actuarial Standards Board have any future effect, review should be granted in an appropriate case.